# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.                               CASE NO. 2:25-cr-20087-HLT-TJJ-1-2
                                        FILED UNDER SEAL

**TERRELL NATHAN,**
    and
**DAVID BYNUM,**

      Defendants.

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**DRUG CONSPIRACY**
**[21 U.S.C. § 846]**

Beginning on or about July 31, 2024, and continuing to on or about November 5, 2024, both dates being approximate and inclusive, in the District of Kansas and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**

1

**DAVID BYNUM,**

knowingly and intentionally combined, conspired, and agreed with each other and with other persons, both known and unknown to the grand jury, to commit the following offenses against the United States: to distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a controlled substance, and to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, a controlled substance, which included the reasonably foreseeable conduct of other members of the conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 846, and Title 18, United States Code, Section 2.

## COUNT 2

**USE OF THE MAIL TO PROMOTE
AND CARRY ON DRUG TRAFFICKING
[18 U.S.C. § 1952(a)(3)]**

Beginning on or about August 18, 2024, and continuing through August 26, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,
and
DAVID BYNUM,**

did use the mail in interstate commerce, or did aid and abet another who used the mail in interstate commerce, with the intent to promote or carry on or facilitate the promotion or carrying on of an unlawful activity, that is distribute fentanyl, as charged in Count 3 of this Indictment, which had been shipped via the U.S Postal Service in a package which

2

had been mailed from Tacoma, Washington, to Salina, Kansas, and the contents of the package contained a mixture or substance containing a detectable amount of fentanyl.

In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

## COUNT 3

### DISTRIBUTION OF FENTANYL
### [21 U.S.C. § 841]

On or about August 21, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

did knowingly and intentionally distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) and Title 18, United States Code, Section 2.

## COUNT 4

### USE OF THE MAIL TO PROMOTE
### AND CARRY ON DRUG TRAFFICKING
### [18 U.S.C. § 1952(a)(3)]

Beginning on or about September 9, 2024, and continuing through September 20, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

3

did use the mail in interstate commerce, or did aid and abet another who used the mail in interstate commerce, with the intent to promote or carry on or facilitate the promotion or carrying on of an unlawful activity, that is distribute a fentanyl analogue, as charged in Count 5 of this Indictment, which had been shipped via the U.S Postal Service in a package which had been mailed from Tacoma, Washington, to Salina, Kansas, and the contents of the package contained a mixture or substance containing a detectable amount of fentanyl analogue.

In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

# COUNT 5

### DISTRIBUTION OF FENTANYL ANALOGUE
### [21 U.S.C. § 841]

On or about September 14, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

did knowingly and intentionally distribute 100 grams or more of a mixture or substance containing a detectable amount of fentanyl analogue, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) and Title 18, United States Code, Section 2.

# COUNT 6

**USE OF THE MAIL TO PROMOTE
AND CARRY ON DRUG TRAFFICKING
[18 U.S.C. § 1952(a)(3)]**

Beginning on or about October 1, 2024, and continuing through October 2, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,
and
DAVID BYNUM,**

did use the mail in interstate commerce, or did aid and abet another who used the mail in interstate commerce, with the intent to promote or carry on or facilitate the promotion or carrying on of an unlawful activity, that is distribute fentanyl, as charged in Count 7 of this Indictment, which had been shipped via the U.S Postal Service in a package which had been mailed from Tacoma, Washington, to Salina, Kansas, and the contents of the package contained a mixture or substance containing a detectable amount of fentanyl.

In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

# COUNT 7

**DISTRIBUTION OF FENTANYL
[21 U.S.C. § 841]**

On or about October 1, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,
and
DAVID BYNUM,**

5

did knowingly and intentionally distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi) and Title 18, United States Code, Section 2.

## COUNT 8

### USE OF THE MAIL TO PROMOTE
### AND CARRY ON DRUG TRAFFICKING
### [18 U.S.C. § 1952(a)(3)]

Beginning on or about November 1, 2024, and continuing through November 2, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

did use the mail in interstate commerce, or did aid and abet another who used the mail in interstate commerce, with the intent to promote or carry on or facilitate the promotion or carrying on of an unlawful activity, that is distribute fentanyl, as charged in Count 9 of this Indictment, which had been shipped via the U.S Postal Service in a package which had been mailed from Tacoma, Washington, to Salina, Kansas, and the contents of the package contained a mixture or substance containing a detectable amount of fentanyl.

In violation of Title 18, United States Code, Sections 2 and 1952(a)(3).

# COUNT 9

### DISTRIBUTION OF FENTANYL
### [21 U.S.C. § 841]

On or about November 1, 2024, in the District of Kansas, and elsewhere, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

did knowingly and intentionally distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) and Title 18, United States Code, Section 2.

### FORFEITURE NOTICE

1. The allegations contained in Counts 1-9 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.

2. Upon conviction of one or more of the offenses set forth in Counts 1, 3, 5, 7, and 9 of this Indictment, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as

the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

    a. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant.

3. Upon conviction of one or more of the offenses set forth in Counts 2, 4, 6, and 8 of this Indictment, the defendants,

**TERRELL NATHAN,**
**and**
**DAVID BYNUM,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to:

    a. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant.

4. If any of the property described above, as a result of any act or omission of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

October 22, 2025            s/Foreperson
DATE            FOREPERSON OF THE GRAND JURY


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: */s/ Taylor Hines*
Taylor A. Hines
Special Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Taylor.Hines@usdoj.gov
Ks. S. Ct. No. 28101

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

9

# PENALTIES

**Counts 1, 3, 5, 9: Conspiracy to distribute fentanyl and fentanyl analogue; Distribution of fentanyl; Distribution of fentanyl analogue; 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(vi)**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two or more prior convictions for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life. 21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years. 21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 2, 4, 6, 8: Use of the mail to promote and carry on drug trafficking; 18 U.S.C. § 1952(a)(3)**

- Punishable by a term of imprisonment of not more than 5 years. 18 U.S.C. § 1952(a)(3).

- A term of supervised release of not more than 3 years. 18 U.S.C. § 3583.

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Count 7: Distribution of fentanyl; 21 U.S.C. § 841(b)(1)(B)(vi)**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

12